[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
On August 14, 1997, a judgment of dismissal pursuant to Practice Book § 251 entered against the plaintiff by the court, Stanley, J. On September 22, 1997, the plaintiff, through counsel, filed the present motion to open the judgment of dismissal pursuant to Practice Book § 326.
"Practice Book § 326 vests discretion in the trial court to determine whether there is a good and compelling reason for its modification or vacation." Hirtle v. Hirtle, 217 Conn. 394, 398
(1991).
This court finds that two motions, both filed prior to the dismissal of this action, remain outstanding and provide this CT Page 10942 court with good and compelling reason to open the judgment of dismissal. Accordingly, the motion to open the judgment of dismissal is hereby ordered granted.
On June 16, 1997, the plaintiff, appearing pro se, filed a motion for default for failure to answer. On August 13, 1997, the defendants filed a motion for judgment of nonsuit, claiming that the plaintiff failed to comply with this court's order dated April 23, 1997. These motions remain outstanding and will be disposed of herein.
By order dated April 23, 1997, this court found that "from the facts as pleaded by the plaintiff . . . each separate count does not entitle the plaintiff to relief against all four defendants." Accordingly, this court ordered the plaintiff "to amend her complaint so as to be explicit as to which of the four defendants each separate count is directed." The plaintiff was ordered to file her amended complaint by May 30, 1997.
On May 30, 1997, the pro se plaintiff filed a one page document entitled "RESPONSE TO ORDER NAMING INDIVIDUALS FOR EACH COUNT PER COMPLAINT." This document contains the statement that "[t]he plaintiff maintains that all of the defendants are parties to each count (eighteen in all)." Further, the plaintiff concludes "that the second amended complaint has been formed properly and the defendants must answer to such."
Contrary to the pro se plaintiff's conclusion, her document dated May 30, 1997 does not constitute an amended complaint pursuant to the Practice Book and as ordered by this court. On June 16, 1997, when the pro se plaintiff filed her motion for default for failure to answer, there was no operative "Third Amended Complaint" for the defendants to answer.
On July 25, 1997, Attorney Martha Anne Weiler of Fazzone 
Baillie, L.L.C. entered her appearance in lieu of the plaintiff's pro se appearance. Plaintiff's counsel did not endeavor to file even an untimely amended complaint. Nearly three weeks later, the judgment of dismissal entered for "failure to comply with previous track orders,"[1] In ordering such dismissal, the court, Stanley, J., apparently concluded that the plaintiff had not complied with this court's order of April 23, 1997.
Accordingly, for the foregoing reasons, the plaintiff's motion for default for failure to answer is hereby denied. The CT Page 10943 defendant's motion for judgment of nonsuit is hereby granted.
It is so ordered.
BY THE COURT:
ARENA, J.